IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **KENNETH T. RUSSELL**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17 C 1082 |
| | ) | |
| **THOMAS DART**, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Pro se plaintiff Kenneth Russell ("Russell"), who is now in custody at Western Correctional Center ("Western"), has used the Clerk's-Office-supplied form of "Complaint Under the Civil Rights Act, Title 42 Section 1983" to file an Amended Complaint against Cook County Sheriff Thomas Dart, Cook County Department of Corrections ("County Jail") Superintendent Jones and County Jail Correctional Officer Yau, charging serious violations of his constitutional rights in November 2016 while he was in custody at the County Jail.[1] Russell has accompanied his self-prepared Complaint with two other Clerk's-Office-supplied forms that he has filled out: an In Forma Pauperis Application ("Application") and a Motion for Attorney Representation

---

[1] Russell's Complaint ¶ IV Statement of Claim begins with this sentence:

Thomas Dart and Superintendent Jones are only stated in this lawsuit because of the acts and misactions of their fellow officers.

In light of that acknowledgement, neither of those defendants will be required to file a responsive pleading -- instead they will be kept in the case because they can respond more conveniently to discovery requests and, as to Sheriff Dart, because he is the state constitutional officer who, like a municipality that would have to make good in state-law-imposed respondeat superior terms for compensatory damages -- not punitive damages -- for an employee's tortious activity (including a constitutional tort), could be subjected to like vicarious liability.

("Motion"). Although the latter two forms require additional input before Russell can get the benefits that he hopes to derive from them, the allegations of his Complaint are sufficiently serious to call for current relief even while he fills in the gaps in the Application and the Motion.

First as to the Application, as often happens -- and this is particularly true where as here an inmate has been transferred between custodial institutions -- the accompanying printout of transactions in Russell's trust fund account ends well before the date that the "mailbox rule" (see Houston v. Lack, 487 U.S. 266 (1988)) treats as the date of "filing" of a prisoner's complaint. In this instance the printout was dated December 23, 2016, while the date when Russell's papers were received in the Clerk's Office was not until February 9 of this year. Moreover, Russell has made life even more complicated in that respect by his having signed both the Complaint and the Motion, but not having dated either, although he has dated the Application on the same December 23 date that the trust fund account printout was generated. That being so, this Court has asked that its even-numbered law clerk (who is expected to work on the case with this Court) to communicate with both the County Jail personnel and the Western personnel to obtain a printout or printouts of Russell's trust fund account from December 23, 2016 through February 7, 2017.

To turn to the Motion, it is understandably silent in responding to the inquiry in that form's paragraph 2 as to any efforts that the pro se prisoner plaintiff has made to communicate with lawyers or organizations to seek legal representation. This Court cannot of course intervene as an advocate for a litigant, but it has learned of an organization that is well-credentialed and that seeks to serve as a resource agency to assist pro se litigants who lack the financial resources to retain counsel on their own (and even the resources to locate organizations such as the one

referred to in this memorandum opinion and order). That organization bears the name CARPLS, and its telephone number is 312-738-9200 .

Accordingly this Court is transmitting three blank counterparts of the Motion form to Russell, with the expectation that he will promptly communicate with CARPLS or some other organization providing like services to inquire about the possibility that it can recommend, or can put him in touch with, possible counsel. If Russell takes such action and fills out the forms to reflect his having done so (even though his efforts may have been unsuccessful), he should send in two counterparts of the filled-in form to this District Court -- one addressed to the Clerk's Office[2] and the other addressed to this Court's chambers.[3] In the meantime this Court will request the designation of a member of the District Court trial bar to assist Russell in moving his case forward.

_____
Milton I. Shadur
Senior United States District Judge

Date: February 14, 2017

---

[2] Office of the Clerk
United States District Court
219 South Dearborn Street
Chicago, Illinois 60604.

[3] Honorable Milton Shadur
United States District Court
219 South Dearborn Street
Suite 2388
Chicago, Illinois 60604.